LINN, Circuit Judge,
concurring.
I am pleased to join the opinion of the court. I write separately to express my disappointment over the delays experienced in this case and my concern that the circumstances that led up to this appeal may be more symptomatic of certain failures of the patent system than merely reflective of the peculiar facts of this case.
Reuning filed the '024 application nearly seven years ago, on July 24, 2001. Reuning successfully petitioned to make special, and the application proceeded through a typical first office action and response, ultimately resulting in a final rejection on December 30, 2003. On January 26, 2004, Reuning filed an appeal from the final rejection with the Board. On November 30, 2006 — almost three years later — the Board issued the decision that is now on appeal. As the majority observes, the Board’s decision is cursory, with the entire text of the “opinion” spelled out in only two pages. In a single sentence, the Board disposed of claims 3-66 on procedural grounds, finding that Reuning “ha[d] not presented any patentability arguments for th[o]se claims.” In re Reuning, No.2006-0580, slip. op. at 4 (B.P.A.I. Nov. 30, 2006). Reuning duly filed a request for rehearing, disputing that he did not present arguments and evidence in support of the claims in question. On June 25, 2007, the Board denied Reuning’s request for rehearing, steadfastly reiterating that Reuning had failed to advance patentabili *988 ty arguments for claims 3-66. In re Reuning, No.2006-0580, slip. op. at 2 (B.P.A.I. June 25, 2007) (“[Reuning] never explained how the limitations of the noted claims are patentable over the combined teachings of the applied references.”). Reuning timely appealed the Board’s decision.
Following Reuning’s appeal, the Director of the PTO (“the Director”) moved to remand. The Director argued:
Since this appeal has been filed, the Board has further considered its decision to sustain the rejection of claims 3-66 on purely procedural grounds. The Board has informed the Solicitor that if this Court remands this appeal to the Board, the Board will withdraw its Initial Decision and will consider the substantive arguments raised by Reuning in his brief filed with the Board.
Resp’t’s App. at 19. The motions panel denied the motion and instructed the Director to address the issue to the merits panel. Subsequently, before the merits panel, the Director renewed the motion and argued primarily that the case should be remanded. Resp’t’s Br. at 1 (“The threshold issue before the Court is whether this appeal should be remanded to the Board for consideration of the merits of the examiner’s rejections in the first instance. Because the Board’s decision does not include a specific review of the merits of the examiner’s rejections of the appealed claims, the USPTO again moves that this appeal be remanded to the Board.”). We heard oral argument, and today — not surprisingly — we remand so that the merits of the rejection of claims 3-66 finally can be addressed.
After twice denying Reuning a substantive review of claims 3-66 — and taking over three years in the process — the Board, via the Director, now requests that we remand so that the Board can do what it should have done in the first place; namely, substantively review the examiner’s rejection of claims 3-66. By taking nearly three years to decline to adjudicate the merits of claims 3-66 on a procedural technicality, and by forcing Reuning to appeal before recognizing the superficial nature of its actions, the Board squandered judicial resources and needlessly frustrated Reuning’s interests. This is not a reflection of the Board’s finest work.
Although I assign the lion’s share of the blame to the Board for this case’s current posture, I wish to make clear that Reuning also is not without fault. He compounded the problem, and in a sense, invited the Board’s error, by unduly focusing on claim 1 in his appeal briefs and relying on happenstance for the Board to fill in the gaps. Although not technically improper, Reuning’s appeal brief to the Board was less than comprehensive and demonstrates the adverse consequences that may flow from arguments that are in some measure left to inference.
The end result is that as to claims 3-66, the parties are now back to where they started, albeit without the time and money it took them to get there. This wasteful course of proceedings does not promote the fair and efficient administration of justice and is inconsistent with the PTO’s mission “to ensure that the intellectual property system contributes to a strong global economy, encourages investment in innovation, and fosters entrepreneurial spirit.” United States Patent & Trademark Office, Introduction, http://www. uspto.gov/web/menu/intro.html (last visited Apr. 21, 2008). I have the utmost respect for the members of the Board, the leadership of the PTO, and the members of the patent bar, and while I would like to believe that this case represents an aberration from the standards of practice I have *989 long admired and have come to expect, I am concerned that it does not.